UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVEN JON ELLIS,

              Petitioner,                       **DECISION AND ORDER**
     -vs-                                          No. 05-CV-0597(VEB)

DOUGLAS DRETKE, Director TDCJ-CID and
ELLIOTT SPITZER, New York State Attorney
General,

              Respondents.
_____

## INTRODUCTION

On or about August 3, 2005, petitioner Daven Jon Ellis ("Ellis") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction entered April 7, 1999, in New York State Supreme Court (Erie County) following a guilty plea to charges of third degree criminal possession of a weapon, fourth degree criminal possession of a weapon, and second degree menacing. Ellis filed the habeas petition in the District Court for the Northern District of Texas since he is currently incarcerated in Bee County, Texas as a result of a parole revocation arising in Texas. The case was transferred to the Western District of New York on or about August 25, 2005. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

Respondent answered the petition on November 2, 2005, and moved to dismiss the petition, arguing, *inter alia*, that this Court does not have subject matter jurisdiction over Ellis because Ellis was not "in custody" when he filed the instant petition and therefore Ellis fails to satisfy the federal habeas "in custody" requirement. *See* Respondent's Answer at 3 (Docket No.

13) (citing *Maleng v. Cook*, 490 U.S. 488 (1989); *Williams v. Edwards*, 195 F.3d 95 (2d Cir. 1999)). Ellis submitted a reply memorandum of law on or about December 6, 2005 (Docket No. 16), claiming that this Court does, in fact, have jurisdiction to hear his habeas claims relating to the Erie County conviction because that conviction has been used to enhance the sentence that he is currently serving on his Texas parole violation.

**DISCUSSION**

The law is clearly settled that a writ of habeas corpus may only be issued where a petitioner is "in custody" at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. at 490-91 ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a).") (emphasis in original). *Maleng* is worth quoting at some length here:

> We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed.2d 554 (1968). In this case, the Court of Appeals held that a habeas petitioner may be "in custody" under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language "in custody" too far.
> . . .
> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.
> . . .
> [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of habeas attack upon it.
>
> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired,

> merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the "in custody" requirement out of the statute and be contrary to the clear implication of the opinion in *Carafas v. LaVallee*, *supra*.
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Maleng v. Cook*, 490 U.S. at 490-93.

The Supreme Court in *Maleng*, however, liberally construing the petition as asserting a challenge to the defendant's later, unexpired "sentence, as enhanced by the allegedly invalid prior [expired] conviction," held that the defendant was "in custody" under the later conviction, but did not decide the extent to which the prior conviction could be challenged in the habeas attack on the later sentence it was used to enhance. *Id.* 493-94. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court answered the question it had left open in *Maleng v. Cook*, holding that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (citation omitted).

Although Ellis is currently incarcerated on a Texas parole violation, he is not "in custody" for purposes of obtaining habeas review of his Erie County conviction. This is because he was not "in custody" under the Erie County conviction under attack at the time his petition was filed in 2005. *See Coss*, 532 U.S. at 403-04 ("Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.")[1] (citing *Maleng*, 490 U.S. at 493-94). As was the case in *Coss*, Ellis's sentence imposed for the Erie County convictions–the convictions which he is now challenging on habeas review–expired on March 15, 2002, when he was discharged from parole. Ellis presently is in custody in Texas pursuant to a Texas parole violation. Following the reasoning of *Coss*, because Ellis is no longer serving the sentence imposed pursuant to his Erie County convictions, he cannot bring a federal habeas petition directed solely at those convictions. *See id.*

In his reply memorandum of law, Ellis asserts that his "conviction on the expired sentence has affected the length of time he has remained in jail by affecting the decision of the Texas Parole Board." Reply Memorandum of Law at 6 (Docket No. 16). He cites *Anderson v. Smith*, 751 F.2d 96 (2d Cir. 1984), stating that in that case "[t]he Second Circuit determined that it had jurisdiction to consider the already expired conviction because that conviction could be used by the Parole Board in determining the time petitioner would remain in prison on the unexpired conviction." Reply Memorandum of Law at 6 (Docket No. 16). Although this theory

---

[1] At the time that he brought his habeas petition challenging his expired 1986 conviction, Coss was incarcerated pursuant to a 1990 conviction. For the purpose of challenging his 1986 conviction, Coss could not meet the "in custody" requirement because he was no longer serving the sentences imposed pursuant to that conviction. However, as discussed further below, Coss *did* satisfy the "in custody" requirement to the extent that his habeas petition was challenging his current, unexpired sentence imposed on his 1990 conviction. *See id.*

of jurisdiction in the past was accepted by both the Second Circuit and other courts, *see, e.g.*, *United States ex rel. Durocher v. LaVallee*, 330 F.2d 303, 305 & n. 2 (2d Cir.) (*en banc*), *cert. denied*, 396 U.S. 998 (1964); *Anderson v. Smith*, 751 F.2d at 100, the Supreme Court rejected it in *Maleng v. Cook*, *supra*, as discussed above. *Accord Styles v. Mantello*, No. 88 CIV. 6475 (MJL), 1990 WL 6583, at *2 (S.D.N.Y. Jan. 24, 1990) (noting the abrogation, by *Maleng v. Cook*, *supra*, of the Second Circuit's theory of jurisdiction articulated in, *e.g.*, *Anderson v. Smith*, *supra*).

Moreover, unlike the petitions in *Maleng* and *Coss*, Ellis's petition cannot be construed as asserting a challenge to the current Texas sentence, as enhanced by the allegedly invalid prior 1999 Erie County conviction. *See Coss*, 532 U.S. at 401 (holding that defendant Coss satisfied the "in custody" requirement of 28 U.S.C. § 2254 because his petition could be construed as asserting a challenge to his current sentence, as enhanced by the allegedly invalid prior expired conviction). (citing *Maleng*, 490 U.S. at 493-94) (internal citations omitted). Ellis's petition only raises claims relating to his Erie County convictions for criminal possession of a weapon and menacing. Thus, the Court concludes that it does not have jurisdiction to hear Ellis's claims attacking his expired Erie County conviction.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition is granted and Daven Jon Ellis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed. Because petitioner Ellis has failed to make a substantial showing of a denial of a constitutional

right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    October 16, 2006
          Buffalo, New York.